Duke, ex'or, *vs.* Horton.

GREEN M. DUKE, executor, etc., plaintiff in error, *vs.* JOHN HORTON, defendant in error.

1. Under the attachment law of 1856, an attachment may be made returnable to the next term of the Superior or Inferior Court, at the option of the party suing out the same: *Provided*, the term of the Court to which the attachment is made returnable, does not commence within twenty days next after the issuing of the attachment.

Attachment, in Jackson Superior Court, and decision by Judge HUTCHINS, at February term, 1861.

On the 14th of December, 1860, an attachment issued in favor of Green M. Duke, as executor of Hardy Howard, deceased, against John Horton, in which the sum of $1,500 00 was claimed to be due to the plaintiff.

The officer issuing the attachment, made it returnable to the February Term, 1861, of the Superior Court of said county of Jackson.

When the case was called, counsel for the defendant moved to dismiss the attachment on the ground that it should have been made returnable to the Inferior Court of said county, which was held on the second Monday in January, 1861, more than twenty days subsequent to the issuing of said attachment. That as the Inferior Court met before the Superior Court, and the attachment issued more than twenty days before the meeting of the Inferior Court, the writ was improperly returned to the Superior Court.

The presiding Judge sustained the motion, and dismissed the attachment, and that decision is the error alleged.

PITTMAN, for plaintiff in error.

JACKSON & HUTCHINS, *contra.*

*By the Court.*—JENKINS, J., delivering the opinion.

In the case of Marret vs. Corbet, 441, 13 Ga. R., this Court held, under the attachment law of 1799, "that an attachment may be made returnable to the next term of the

Duke, ex'or, *vs.* Horton.

Superior and Inferior Courts of the county, at the option of the party sueing out the same.

The attachment now before the Court was sued out under the Act of 1856, which has superceded that of 1799, but the phraseology of the two acts is so similar, in that respect, that a rule prescribed under one may well be held applicable to the other.  If there be any difference between the statutes, touching the Court, to which an attachment. may be made returnable, the language of the Act of 1856 seems more distinctly than that of 1799 to give to the plaintiff a choice of his forum.  The language of the Act of 1799 is, that it shall be returnable "*to the Court next* after the expiration of thirty days;" that of the Act of 1856 is, that it shall be made returnable " to the *next Superior or Inferior Court,* provided the term of said Court does not commence within twenty days next after the sueing out said attachment."

In any view of the case, we see no reason why the choice of jurisdiction, allowed in other cases, should be denied to a plaintiff in attachment.  We think, therefore, that the Court below erred in dismissing the attachment.

Let the judgment be reversed.